06-5148-ag
Zheng v. BIA

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of August, two thousand ten.

PRESENT:

> DENNIS JACOBS,
>     *Chief Judge*,
> JON O. NEWMAN,
> PIERRE N. LEVAL,
>     *Circuit Judges*.

_____

| | |
|---|---|
| **YING ZHENG v. BIA,**<br>A077 023 905 | **06-5148-ag** |

_____

| | |
|---|---|
| **QUI HANG QUI v. HOLDER,**[1]<br>A077 353 466 | **07-3877-ag** |

_____

| | |
|---|---|
| **HUI JIN CHEN v. HOLDER,**<br>A078 016 089 | **07-4659-ag** |

_____

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted as respondent where necessary.

_____
**_____**

JIN-FANG CHEN v. HOLDER,                    07-4878-ag
A072 556 694

_____

YONG JIE YANG v. HOLDER,                    07-5434-ag
A070 650 836

_____

CHUN YING CHEN v. HOLDER,                   07-5555-ag
A070 909 888, A029 821 928

_____

XIU MIN WANG v. HOLDER,                     07-5659-ag
A076 628 043

_____

MINJ LIANG v. HOLDER,                       08-0030-ag
A077 341 361

_____

AI LING ZHANG v. HOLDER,                    08-0107-ag
A095 918 591

_____

LI FANG CHEN v. HOLDER,                      08-0413-ag
A095 306 350

_____

REN XIONG ZHENG v. HOLDER,                   08-0595-ag
A073 617 998

_____

SU ZHONG CHEN v. HOLDER,                      08-0684-ag
A073 623 017

_____

YUN CHEN v. HOLDER,                           08-0872-ag
A073 776 130

_____

JIN YUN QIU v. HOLDER,                        08-1166-ag
A098 478 591

———————————————————————
———————————————————————

**JIAN JIN SHI v. HOLDER,**          08-1411-ag
**A076 515 199**

———————————————————————

**JIN XIU ZOU v. HOLDER,**          08-1435-ag
**A078 289 453**

———————————————————————

**YAN RONG LIU v. HOLDER,**          08-1633-ag
**A079 453 133**

———————————————————————

**QISUNG LI v. HOLDER,**          08-1698-ag
**A079 101 960**

———————————————————————

**LI JUAN WANG v. HOLDER,**          08-2027-ag
**A076 506 562**

———————————————————————

**GUO MING YE v. HOLDER,**          08-4788-ag
**A097 385 451**

━━━━━━━━━━━━━━━━━━━━━━━━━

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that these petitions for review are DENIED.

Each of these petitions challenges a decision of the BIA denying a motion to reopen based on either the movant's failure to demonstrate changed country conditions sufficient to avoid the time and numerical limits applicable to such

motions or the movant's failure to demonstrate *prima facie* eligibility for the underlying relief sought.[2] *See* 8 C.F.R. § 1003.2(c). We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)).

Petitioners, all citizens of China, filed motions to reopen based on their claim that they fear persecution because they had one or more children in the United States. For largely the same reasons as this Court set forth in *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008), we find no error in the BIA's decisions.[3] *See id.* at 168-72. Any arguments that the petitioners are eligible to file a successive asylum application based on changed personal

---

[2]Although the BIA erred in *Yong Jie Yang v. Holder*, 07-5434-ag, by requiring petitioner to demonstrate changed country conditions despite the timely filing of his motion to reopen, we decline to remand because the BIA reasonably found, in the alternative, that petitioner failed to demonstrate his *prima facie* eligibility for relief. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006)(holding that remand is not required when "it is clear that the agency would adhere to its prior decision in the absence of error"); *see also INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (holding that a movant's failure to establish his *prima facie* eligibility for relief is a proper ground on which the agency may deny a motion to reopen).

[3]We also find no error in the BIA's decision in *Jian Jin Shi v. Holder*, 08-1411-ag, declining to credit petitioner's unauthenticated evidence in light of the agency's adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007).

circumstances are foreclosed by our decision in *Yuen Jin v. Mukasey*, 538 F.3d 143, 156, 158-59 (2d Cir. 2008).  We lack jurisdiction to review the BIA's determination declining to reopen proceedings *sua sponte*.  *See Ali*, 448 F.3d at 518.

For the foregoing reasons, these petitions for review are DENIED.  As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot.  Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

041210-1-20                                              -5-